UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP NEUMEIER,

    Plaintiff,

    v.

AMICA MUTUAL INSURANCE
COMPANY,

    Defendant.
_____/

Case No. 21-11269

Hon. George Caram Steeh

ORDER GRANTING PLAINTIFF'S
MOTION TO STAY (ECF No. 15)

Plaintiff Philip Neumeier seeks a stay of this action, which he filed to recover under a home insurance policy issued by Defendant Amica Mutual Insurance Company. Plaintiff alleges that his home was destroyed by a fire and that Defendant has refused to pay the claim. Defendant asserts as an affirmative defense that Plaintiff intentionally set the fire.

After this action was filed, a criminal complaint was issued against Plaintiff in state court. ECF No. 15-1. Plaintiff was subsequently indicted and charged with arson in connection with the fire at his home. His criminal trial is scheduled for May 2022, although Plaintiff anticipates that this date may be postponed. Plaintiff contends that proceeding with this civil action while the criminal case is pending may jeopardize his Fifth Amendment

-1-

right against self-incrimination or his ability to effectively pursue his civil claim. Plaintiff seeks a stay of this action until the criminal case is resolved.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *Federal Trade Comm'n v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014) (citation omitted). To determine whether it is appropriate to stay a civil action pending the outcome of a criminal case, courts consider several factors, including

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.* In considering these factors, the court bears in mind that here the plaintiff is seeking the stay, rather than a defendant, and modifies the analysis accordingly.

The court should also consider whether a party's Fifth Amendment rights are implicated. *Id.* "'[T]he burden is on the party seeking the stay to

show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order.' The most important factor is the balance of the hardships, but '[t]he district court must also consider whether granting the stay will further the interest in economical use of judicial time and resources.'" *Id.* (citations omitted).

Considering the relevant factors, the court finds that a stay is appropriate. Plaintiff has been indicted and proceeding simultaneously with both cases may implicate his Fifth Amendment rights as well as his ability to effectively pursue this action. The criminal case is proceeding, with a scheduled trial date. Plaintiff thus has a significant interest in staying this action, even if the criminal trial date is postponed.

Defendant does not object to a stay, although it points out that Plaintiff seeks penalty interest that could continue to accumulate during the stay. *See* M.C.L. 500.2006. To avoid prejudice, Defendant seeks to pause the accumulation of penalty interest during the stay sought by Plaintiff. The court agrees that a stay of penalty interest accumulation serves to ameliorate prejudice to Defendant caused by the delay in resolving this matter and does not unduly prejudice Plaintiff, who has requested the stay of proceedings.

With the pause of penalty interest accumulation, the balance of hardships favors Plaintiff. In addition, staying the case pending resolution of the criminal action will advance judicial economy, given the overlap of factual issues.

Accordingly IT IS HERBY ORDERED that Plaintiff's motion (ECF No. 15) is GRANTED and this action is STAYED and ADMINISTRATIVELY CLOSED pending the resolution of Plaintiff's criminal case and until Plaintiff petitions to lift the stay.

IT IS FURTHER ORDERED that penalty interest pursuant to M.C.L. 500.2006 or other prejudgment interest shall not accumulate during the pendency of the stay.

Dated: April 26, 2022

>s/George Caram Steeh
>GEORGE CARAM STEEH
>UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 26, 2022, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk